IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JANELL WYGLE        )  | |
|    PLAINTIFF,    ) | |
|                     )  | |
| V.                  )  | Case No. _____ |
|                     )  | |
| IMI TENNESSEE INC., )  | |
|    DEFENDANT.    ) | |

## COMPLAINT

Comes Plaintiff, Janell Wygle, and brings this cause of action against Defendant, IMI Tennessee, Inc., for sexual harassment and retaliation in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 et seq. (hereinafter "THRA").

## PARTIES

1. Janell Wygle (hereinafter "Plaintiff") is a resident of Dover, Tennessee.

2. TMI Tennessee Inc. (hereinafter "Defendant") is a foreign corporation incorporated pursuant to the laws of Indiana and doing business in Tennessee, with its principal place of business in Tennessee located at 2617 Grandview Ave. Nashville TN 37211.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to diversity of citizenship pursuant to 28 U.S.C §1332 in that the parties are citizens of separate states and the amount in controversy exceeds $75,000.

4. Venue is proper in that Plaintiff was an employee of Defendant at several sites in Middle Tennessee the acts complained of occurred in the Middle District of Tennessee.

## FACTS

5. Plaintiff is a female.

6. Plaintiff while working for defendant was subjected to offensive sexual comments and actions that were objectively offensive and subjectively offended plaintiff.

7. The following incidents include, but are not limited to, the offensive behavior of Plaintiff's supervisor, Joe Stephens:

a. Linking job security and opportunities to sexual favors to her response to sexually harassing behavior.

b. Punishing or rewarding Plaintiff based upon her responses to his sexual overtures and behavior.

c. Unwelcome and offensive sexual comments and actions.

d. Sexual harassment of other individuals about whom Plaintiff was aware.

e. Cutting Plaintiffs hours when his sexual advances were refused.

f. The comments of Manager Stephens are numerous and will be more fully described in the discovery process. The offensive comments from Stephens were not sporadic but occurred on a regular basis. The sexual harassment occurred within one year of this complaint being filed.

8. Plaintiff reported the harassing behavior but insufficient investigation occurred to get to the bottom of the problem; and, Plaintiff was also immediately blamed when she reported the behavior; and, no reasonable efforts were made to prevent harassment or to protect Plaintiff from retaliation.

9. After Plaintiff complained, her hours were reduced, and she was never returned to her pre-complaint levels of work time.

10. Plaintiff was eventually terminated when she was blamed for missing funds over which she had no control. The provided reason for Plaintiffs discharge was pretextual and the

real reason for her termination was wrongful retaliation for complaining of the offensive behavior of Stephens.

## CAUSES OF ACTION

11. Plaintiff adopts herein the facts set forth in paragraphs 1 through 10 above as though fully set out herein.

12. The conduct complained of violates the THRA both as sexual harassment and as retaliation for complaining of harassment.

## DAMAGES

13. As a result of the harassment Plaintiff was subjected to at work, Plaintiff suffered and continues to suffer embarrassment, humiliation, mental anguish, and stress, for which she is entitled to compensatory damages under the THRA. Plaintiff sues for all damages available under the THRA

14. Plaintiff further sues for back pay, front pay, attorneys' fees, court costs and discretionary costs if she is the prevailing party in this litigation, as authorized by the THRA.

**WHEREFORE** Plaintiff prays:

1. That Plaintiff be allowed to file this complaint and that Defendant be required to answer the complaint in the time provided by law;

2. That after the discovery process, this case be heard on its merits;

3. That Plaintiff be awarded $300,000 in compensatory damages for humiliation and embarrassment among other damages.

4. That Plaintiff be awarded back pay and front pay.

5. That Plaintiff be awarded attorneys' fees, court costs, discretionary costs, and all further relief to which she is entitled; and

6. That Plaintiff be awarded all further and general relief that the court feels is appropriate in this cause.

Respectfully Submitted,

_s/ Stephen Crofford_____
Stephen Crofford #12039
Mary Parker #6016
**PARKER AND CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445
stephencrofford@msn.com
mparker@parker-crofford.com

Attorneys for Plaintiff